**HOLT v. THE JAMES SHERIDAN.**

United States District Court
S. D. New York.
Dec. 4, 1951.

William L. Standard, New York City, Louis R. Harolds, New York City, of counsel, for the motion.

Kirlin, Campbell & Keating, New York City, James B. Magnor, New York City, of counsel, opposed.

DIMOCK, District Judge.

■ Libelant in a suit based on personal injuries moves under Rule 34, F.R. C.P., 28 U.S.C.A., for the discovery and inspection, with permission to take photographs and measurements of the tug James Sheridan, and to make copies of ten items. The motion is opposed on the ground that respondent served a notice for the examination of libelant under Rule 26 before the making of the motion for discovery and inspection and that libelant has not yet submitted himself for examination.

In taking this position respondent points to the established practice under Rule 26 of permitting the party who first serves a notice for examination to complete his examination before the other party's is begun. 4 Moore's Federal Practice, 2nd Ed. § 26.13. Libelant says that that practice is and should be confined to priorities between proceedings under Rule 26 and has and should have no application to priorities between proceedings under Rule 26 on the one hand and proceedings under Rule 34 on the other.

I can see no reason why the priority rule should not apply with equal force between two proceedings each under a different rule as between two proceedings under Rule 26. The later of the two examinations under Rule 26 may be, in the words of the rule, "for the purpose of discovery", and it has never been suggested that there was any the less reason for giving priority in right to the proceeding prior in time in that case than when both proceedings seek depositions "for use as evidence". I do not think that a discovery proceeding which follows a notice of examination gains any priority simply because it is a discovery proceeding under Rule 34 rather than under Rule 26. No discovery and inspection will be permitted upon this motion, therefore, until libelant has presented himself for examination and the examination has been completed.

■ Respondent does not object to making discovery at that time of any of the desired items except those described in paragraph 4 which reads: "All reports and statements obtained by the respondent, its agents, servants and employees, in the regular course of business, with reference to the libellant and the subject matter of this action;"

Libelant consents that this be limited to those reports and statements which were obtained prior to the employment of counsel in connection with libelant's injuries. That eliminates the troublesome question of attorney and client relationship but respondent insists that no such showing of necessity has been made as will entitle libelant to relief.

All that libellant says on the subject in the moving affidavit is: "Discovery and inspection of the documents sought is necessary in order to enable the libelant's case to be fully investigated, in order to locate witnesses, and in order to present the evidence clearly."

This is insufficient as a statement of the "good cause" required by Rule 34. 4 Moore's Federal Practice, 2nd Ed. § 34.08, The Kegums, D.C., 73 F.Supp. 831; Marzo v. Moore-McCormack Lines, D.C., 7 F.R.D. 378; Gebhard v. Isbrandtsen Co., D.C., 10 F.R.D. 119.

Respondent must furnish all of the items sought (except those sought under paragraph 4) upon completion of the deposition of libelant. The motion will be denied with respect to the items sought under paragraph 4 without prejudice to an application upon an adequate showing of good cause.

**Settle order on notice.**