**KURT M. JACHMANN CO., Inc., Plaintiff,**

v.

**MARINE OFFICE OF AMERICA, S. D.** McComb & Co., Inc., Owen C. Torrey, Carl P. Kremer, George Inselman, American Insurance Co., American Eagle Fire Insurance Co., Continental Insurance Co. of the City of New York, Fidelity-Phoenix Fire Insurance Co., Firemen's Insurance Co., Glens Falls Insurance Co., and Hanover Fire Insurance Co., Defendants.

United States District Court
S. D. New York.
August 5, 1954.

Joseph S. Meadow, M. K. & R. Joseph-son, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendants.

DAWSON, District Judge.

Defendants have served on plaintiff a series of interrogatories. Plaintiff, by this motion, seeks an order (1) staying defendants from requiring answers to the interrogatories until plaintiff has completed the taking of oral depositions noticed by him, or (2) denying the defendants the right to take all, or certain, of the interrogatories.

This is a triple damage anti-trust suit alleging, in effect, that defendants conspired to boycott plaintiff and drive it out of the business of writing marine insurance, and that as a result thereof, the plaintiff's business as a broker in marine insurance has been substantially destroyed.

The action was started on or about June 11, 1952. On August 11, 1952, plaintiff served notice of the taking of the depositions of certain parties and witnesses on oral examination. The examination of one of the defendants, pursuant to such notice, took place on January 21, 1953. It appears that after this date, no further depositions were taken, and plaintiff did not seek to resume taking any depositions until June, 1954, after defendants' interrogatories were served.

Plaintiff contends that it is entitled to priority in the discovery proceedings since it first served notice of taking of the depositions, and that it should not be compelled to answer the interrogatories submitted by the defendants until it has completed the taking of the depositions heretofore noticed by it. While it is true that priority in discovery proceedings is frequently obtained by the party who is first to demand it, it is not true that a party may notice depositions and then fail to take them, and thus block his opponent from commencing discovery proceedings. Diligence, as well as priority, is needed if one is to stay his opponent from proceeding with depositions or interrogatories.

Plaintiff alleges that the delay in completing the depositions was due to change of counsel and to the fact that an amended complaint was served by the new counsel. If we are to determine priority by the party first to move

after the pleadings were amended, then defendants have priority. If, however, we are to consider that the depositions noticed by the plaintiff are as equally applicable to the cause of action set forth in the amended complaint as they were to the original complaint (which is the contention of the plaintiff), then plaintiff has been unduly dilatory in the taking of depositions. Under all the circumstances, I do not believe that plaintiff has a right at this time to prevent defendants from proceeding with their discovery. The motion of the plaintiff to stay defendants' interrogatories is denied.

This brings me to the specific objections made by the plaintiff to the interrogatories propounded by the defendants. In the light of the issues raised by the amended complaint, I do not believe that the interrogatories, considered as a whole, are oppressive or harassing. The plaintiff's objections to interrogatories 1E, 5C, 5F, and 13C are sustained. All other objections are overruled.