**TECHNICAL TAPE CORPORATION,**
**Plaintiff,**

**v.**

**MINNESOTA MINING & MANUFAC-**
**TURING COMPANY, Defendant.**

United States District Court
S. D. New York.

June 17, 1955.

---

Curtis, Morris & Safford, New York City, for plaintiff.

Burgess, Ryan & Hicks, New York City, for defendant.

DIMOCK, District Judge.

This is an action for a declaratory judgment in which plaintiff seeks an adjudication inter alia, that U. S. Patent No. 2,694,656 is invalid or has not been infringed by plaintiff.

Before me now are two motions by plaintiff, one, pursuant to Rule 30(b), Fed.Rules Civ.Proc., 28 U.S.C., for an order directing defendant to refrain from "propounding questions to plaintiff's officers and employees directed to lack of jurisdiction of this Court" and the other, pursuant to Rule 34, F.R.C.P., for an order directing defendant to produce documents.

### The Motion Under Rule 30(b).

This court has no jurisdiction to render a judgment in this action unless an actual controversy between these parties exists, Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617. As indicating that such a controversy exists the complaint alleges that defendant has threatened to sue plaintiff for infringement of the patent and has notified plaintiff's customers not to deal in plaintiff's product.

Defendant has noticed the taking of depositions of certain officers and employees of plaintiff beginning June 14, 1955 and intends to interrogate these officers and employees with respect to facts bearing on the question of the existence of a controversy. Defendant's time to answer or otherwise plead to the complaint will expire on June 16, 1955. Plaintiff seeks to have me prohibit any inter-rogation on this subject upon the ground that the issue is moot. In other words, plaintiff says that the existence of a controversy is so clear that defendant should not be permitted to ask about it.

In support of its motion plaintiff points to an action for infringement in the United States District Court, for the Northern District of Illinois, Eastern Division, said by plaintiff to have been brought against it by defendant and another. It appears that this action was instituted on May 31, 1955 by Armour Research Foundation of Illinois Institute of Technology, alleged in the complaint in the present action to be the record owner of the patent at issue here, and charges plaintiff and others with infringement of that patent. Defendant admits that the complaint in the Illinois action was signed with the names of lawyers who described themselves as attorneys for both Armour and defendant. The complaint has since been amended, however, so that the signature now is that of lawyers signing themselves as attorneys for Armour alone. Defendant asserts, and plaintiff does not deny, that defendant was never actually a party to the Illinois action. Evidently the Illinois action was originally projected as one on behalf of both Armour and defendant here and when the intention was changed, the "s" at the end of the word "plaintiff" in the title and the name of defendant after the signature of the attorneys were, by inadvertence, not stricken from the draft. Thus, while there is ground to suspect that at one time defendant considered suing plaintiff for violation of the patent, no actual suit has ever been brought. Further, defendant has submitted an affidavit made by one of its officers in which the officer says that defendant has not made the threats of infringement suit or given the notice to plaintiff's customers alleged in the complaint.

I certainly cannot grant the motion to foreclose interrogation on the sub-

ject of existence of a controversy unless and until I decide that issue in favor of plaintiff. Thus what plaintiff is asking is in effect summary judgment on that issue.

■ We may assume that, if the Illinois action were being prosecuted by defendant and had been commenced prior to, or simultaneously with, the action at bar, then, as a matter of law, a controversy sufficient to support jurisdiction in this action would be made out. Even if that be assumed, however, if the Illinois action were commenced after plaintiff commenced the present one, there would be a grave question as to whether the state of facts would support jurisdiction for a declaratory judgment action. Compare the majority decision in Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 200 F.2d 876, with the concurring opinion of Chief Judge Clark in that case, at page 879ff. We need not consider that question of law, however, since this defendant did not prosecute the Illinois action. I cannot possibly rely upon the institution of that action as showing conclusively that a justiciable controversy exists. Plaintiff has indicated no other circumstances which might support such a conclusion.

The motion pursuant to Rule 30(b) is denied.

### The Motion Under Rule 34.

Plaintiff seeks production of documents believed to contain or constitute evidence relating to issues in this action.

■ Defendant resists this motion on a number of grounds. First, that the motion is premature because the issue of jurisdiction has not yet been determined. This argument is without merit. The complaint alleges sufficient facts to support this court's jurisdiction. The facts that defendant expresses doubt as to whether jurisdiction exists and has expressed an intention to examine plaintiff's officers and employees on the subject do not amount to grounds for delay-

ing plaintiff's preparation for trial. A contrary ruling would invite delay.

■ Second, defendant says that plaintiff's motion for production is not entitled to take precedence over defendant's noticed examination of plaintiff's officers and employees. Plaintiff attempts to meet this argument by saying that the well established practice in this district of granting priority of discovery to the party whose notice is prior in time is confined to proceedings under the same rule. In this plaintiff is in error. Colonial Airlines v. Janas, D.C.S.D.N.Y., 13 F.R. D. 199; Holt v. The James Sheridan, D. C.S.D.N.Y., 12 F.R.D. 72. Plaintiff has indicated no "individual circumstances" which would justify any variation in the usual rule here. See Morrison Export Co. v. Goldstone, D.C.S.D.N.Y., 12 F.R.D. 258, 260. Nevertheless, my agreement with defendant on this point does not of itself mean that plaintiff's motion must be denied. See Holt v. The James Sheridan, supra.

■ Finally, defendant says that plaintiff's demands are not supported by a showing of good cause and are too broad and that the documents sought are irrelevant and relate to confidential business affairs of defendant, a business competitor of plaintiff.

There are three items in plaintiff's demand. Item 1 demands all documents granting any rights in or relating to the patent in suit which have passed between defendant and Armour Research Foundation of Illinois Institute of Technology, the apparent owner of the patent. Item 2 demands all correspondence and agreements relating to the patent between defendants and other members of the sound recording tape industry or suppliers of magnetic iron oxide powders thereto. Item 3 demands all documentary proofs and other physical evidence which have passed between defendant and Armour and relate to the settlement of a Patent Office interference proceeding, in which the patent at issue was in-

volved, between an employee of Armour and an employee or employees of defendant.

Plaintiff's affidavit satisfies me that there is good cause for the production of all of the documents demanded. The documents are within the exclusive control of defendant and are germane to issues in this case. The documents demanded in Items 1 and 3 bear on the validity of the patent in issue and on the extent of defendant's interest in it. A crucial issue here is the question whether defendant notified members of the trade that plaintiff's product was manufactured in violation of defendant's rights under the patent, and the documents demanded in Item 2 have a direct bearing on this issue. Then too for all that plaintiff knows defendant's agreement forms may contain a clause by which defendant protects the other party in the event plaintiff's product is held to be non-infringing. Such a clause would be some evidence of a real controversy between plaintiff and defendant.

Defendant says that production of the documents demanded may involve the disclosure of confidential and private business affairs, such as negotiations concerning patent licenses, and therefore compliance should not be compelled as between business competitors. This objection is not sufficiently specific to enable me to sustain it. If, upon examination of its files, defendant finds that within the three descriptions there are specific documents disclosure of which it believes will give plaintiff an unfair business advantage, defendant may make application for an order embodying some such protection as confining inspection to the attorneys for plaintiff rather than its officers.

Motion for discovery granted to extent of directing production as soon as defendant's presently noticed examinations are completed; leave granted to defendant to apply for a protective order as above indicated.