Mieczyslaw M. **KONCZAKOWSKI** and Marya Konczakowski, individually and doing business under the firm name and style of Marlowe Theatre and/or Konczakowski Theatres, and individually and as copartners doing business under the name of Konczakowski Theatres, Plaintiffs,

v.

**PARAMOUNT PICTURES,** Inc., Paramount Pictures Corporation, Paramount Film Distributing Corporation, American Broadcasting-Paramount Theatres, Inc., Buffalo Theatres, Inc., Warner Bros. Pictures, Inc. (in dissolution), Warner Bros. Pictures, Inc. (Delaware), Warner Bros. Pictures Distributing Corporation, Twentieth Century-Fox Film Corporation (New York), Twentieth Century-Fox Film Corporation (Delaware), Universal Pictures Company, Inc., Universal Film Exchanges, Inc., Columbia Pictures Corporation, United Artists Corporation, Loew's Incorporated, Buffalo Paramount Corporation, Defendants.

United States District Court
S. D. New York.
July 26, 1956.

Harry M. Pimstein, New York City, for plaintiffs, Bernard Buchwald, Edmund B. Hennefeld, New York City, of counsel.

Louis Phillips, New York City, for defendants Paramount Pictures Inc. (In Dissolution), Paramount Pictures Corp. and Paramount Film Distributing Corp.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendants T. C. F. Film Corp. (New York) (formerly known as Twentieth Century-Fox Film Corp.) and Twentieth Century-Fox Film Corp. (Delaware).

Herbert B. Lazarus, New York City, for defendants American Broadcasting-Paramount Theatres, Inc. and Buffalo Paramount Corp.

Robert W. Perkins, New York City, for defendants Warner Bros. Pictures Inc. (Delaware) and Warner Bros. Pictures Distributing Corp.

Adolph Schimel, New York City, for defendants Universal Pictures Co., Inc. and Universal Film Exchanges, Inc.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corp.

Benjamin Melniker, New York City, for defendant Loew's Inc., E. Compton Timberlake, Bernard E. Kalman, New York City, of counsel.

HERLANDS, District Judge.

Plaintiffs' objection to defendants' motion for production of certain

**362**

items under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. is that the income tax returns requested by defendants are privileged. Plaintiffs are in error as to this contention. The law is well-settled that income tax returns are not privileged from discovery and production under Rule 34. Orange County Theatres, Inc. v. Levy, D.C.S.D.N.Y. 1938, 26 F.Supp. 416; Judson v. Buckley, D.C.S.D.N.Y.1940, 3 Fed.Rules Serv. 395; Nola Electric, Inc. v. Reilly, D.C. S.D.N.Y.1950, 11 F.R.D. 103; Connecticut Mutual Life Insurance Co. v. Shields, D.C.S.D.N.Y.1955, 18 F.R.D. 448. See, also, Volk v. Paramount Pictures, Inc., D.C.Minn.1950, 19 F.R.D. 103; Karlsson v. Wolfson, D.C.D.Minn.1956, 18 F.R.D. 474; Paramount Film Distributing Corp. v. Ram, D.C.E.D.S.Car.1950, 91 F.Supp. 778; The Sultana, D.C.W.D.N.Y.1948, 77 F.Supp. 287; Tollefsen v. Phillips, D. C.D.Mass.1954, 16 F.R.D. 348; Connecticut Importing Co. v. Continental Distilling Corp., D.C.Conn.1940, 1 F.R.D. 190; Garrett v. Faust, D.C.E.D.Pa.1949, 8 F.R.D. 556; Reeves v. Pennsylvania R. Co., D.C.Del.1948, 80 F.Supp. 107; 2 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, p. 512, 1956 Pocket Part, p. 110.

Defendants' motion is granted in its entirety.

▮ Plaintiffs' similar motion for discovery and production is denied, as being premature, in view of the priority established by defendants. Holt v. The James Sheridan, D.C.S.D.N.Y.1951, 12 F.R.D. 72. See Jackmann v. Marine Office of America, D.C., 16 F.R.D. 381.

The dismissal of plaintiffs' motion is without prejudice and without any intimation as to the ultimate merits of plaintiffs' motion. However, it is my view that, when and if plaintiffs should renew their motion, they should restate in detail and with particularity the items they request; from which defendants they are requesting the respective items; and how discovery and production of the requested

items is justifiable against the background of what plaintiffs expect to prove at the trial and in light of the requirements of Rule 34.

Settle orders on notice.