George STAR and Mamie Star, Plaintiffs,

v.

Joseph ROGALNY, Defendant.

Civ. 3763.

United States District Court
E. D. Illinois.

April 4, 1958.

See also 162 F.Supp. 181.

Leonard J. Dunn, West Frankfort, Ill., for plaintiff.

Craig & Craig, Mount Vernon, Ill., for defendant.

JUERGENS, District Judge.

This case arises out of an automobile accident in which the plaintiffs are alleged to have sustained injuries as a result of negligent or willful and wanton acts on the part of the defendant.

Pursuant to Rule 33, Fed.Rules Civ. Proc. Title 28 United States Code, the defendant served interrogatories upon the plaintiffs requesting information concerning their income for the years of 1954, 1955, 1956, and 1957.

The plaintiffs filed objections to the interrogatories claiming that any material contained in the income tax returns is confidential and is not the subject of interrogatories in a civil suit. Plaintiffs also object that even if they are required to answer the interrogatories, they would be unable to do so because it is not stated whether the information is to be based on a cash or accrual basis and that a substantial difference would result in the answers depending upon whether the information is to be based upon cash or accrual basis.

■ The objection that the information requested is privileged is not well founded.

The Internal Revenue Code, 26 U.S.C. A. § 6103 protects taxpayers against public disclosure of contents of tax returns and provides that the only persons entitled to the inspection of the return in the hands of the government are the various governmental agencies having legitimate interest in the subject matter and the person who made the return or his duly constituted attorney in fact. The plaintiffs contend that these provisions give them an absolute privilege against discovery of their return or materials contained therein in this suit.

■■ The purpose of the statute is to prevent the disclosure of confidential information to those who have no legitimate interest in it. However, when a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim that the information contained in his return is confidential. In this action each plaintiff has asserted that he or she has lost large sums of money due to loss of wages and inability to carry on their business because of the injuries received in the accident.

■ "The law is well-settled that income tax returns are not privileged from discovery and production under Rule 34." Konczakowski v. Paramount Pictures, D. C., 19 F.R.D. 361, 362. If the returns are in his possession he can be compelled to produce them. Kingsley v. Delaware Lackawanna and Western Railway Co., D.C., 20 F.R.D. 156.

■ A party may be required to produce his income tax returns for inspection, under Rule 34, and he is not privileged from doing so. Therefore, the court is of the opinion that information contained in income tax returns is proper material to be inquired into by interrogatories under Rule 33.

■ The objections made by the plaintiff that the information requested does not specify whether the answers are to be based upon a cash or accrual basis would not seem to be a valid objection in that the income tax returns of the plaintiffs would of necessity be based on one or the other of such basis and in answering the interrogatories the plaintiff need only refer to their income tax returns for the years in question and obtain therefrom the answers to the interrogatories propounded. In answering the interrogatories fully as is requested by the defendant, a statement by the plaintiffs as to whether the income tax return is based on cash or accrual basis would be proper.

Since the plaintiff does not show any valid objections to the interrogatories the court is of the opinion that the same should be granted and the plaintiffs' motion to strike the interrogatories should be denied.