**TRANS WORLD AIRLINES, INC.,**
Plaintiff,

v.

**Howard R. HUGHES, Hughes Tool Company, and Raymond M. Holliday,**
Defendants.

United States District Court
S. D. New York.

Dec. 5, 1961.

---

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiff; John F. Sonnett, Paul W. Williams, Marshall H. Cox, Jr., Frederick P. Furth, and Corydon B. Dunham, Jr., New York City, of counsel.

Chester C. Davis, New York City, for defendant Hughes Tool Co.; Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel.

METZNER, District Judge.

Plaintiff moves pursuant to Fed.R.Civ. P. 34, 28 U.S.C.A. for the production and inspection of certain documents. Dispute exists as to the time when the documents shall be produced and as to three cate-gories of requested documents. The first category refers to loans (item I(e)). The second category refers to balance sheets and profit and loss statements for the years 1939 through 1960 (item V (a)). The third category refers to federal income tax returns for the years 1939 to date (item V(b)).

The order of priority of deposition proceedings has already been set. Consequently, while a motion pursuant to Rule 34 may be made at any time, it does not follow that the order granting such a motion should vary previously established schedules under Rule 26. Holt v. The James Sheridan, 12 F.R.D. 72 (S.D. N.Y.1951); Technical Tape Corp. v. Minnesota Min. & Mfg. Co., 18 F.R.D. 318 (S.D.N.Y.1955). The documents should be produced prior to the dates scheduled for the taking of the depositions noticed by plaintiff.

The complaint states claims of conspiracy in violation of the antitrust statutes. The scope of proof is quite broad in these cases and under the liberal federal rules wide latitude is permitted in the deposition-discovery proceedings. Rule 34 must be read in conjunction with Rule 26, which permits testimony which is "reasonably calculated to lead to the discovery of admissible evidence." The financial data sought by this motion come within the "rule of relevancy" as applied to the allegations of the complaint. Income tax returns are not protected by privilege. Konczakowski v. Paramount Pictures, Inc., 19 F.R.D. 361 (S.D.N.Y. 1956).

Defendant may request relief pursuant to Rule 30(b) upon the settlement of the order to be entered hereon.

Motion granted. Settle order.