**Billy D. EADDY, Plaintiff,**

v.

**Marlene LITTLE, Defendant.**

**Civ. A. No. 8195.**

United States District Court
E. D. South Carolina,
Florence Division.

Dec. 8, 1964.

June O. Yarborough, C. Ray Parrott, Yarborough, Parrott & Anderson, Florence, S. C., for plaintiff.

C. Weston Houck, Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C., for defendant.

HEMPHILL, Chief Judge.

Originally before this Court, heard September 16, 1964, decided October 15, 1964, were certain motions seeking removal from State to Federal Court on part of defendant. Remand to State Court on part of plaintiff, for Voluntary Nonsuit without prejudice if removal was sanctioned, for allowance of reduction of demand below jurisdictional amount to accomplish remand urged by plaintiff, and motion to assess costs against plaintiff in the event the voluntary nonsuit was granted. Plaintiff's motions denied and defendant's motion granted nisi, plaintiff being required to answer certain interrogatories and pay certain costs before voluntary nonsuit. Motion to allow reduction refused under circumstances which in effect would violate principles governing determination of jurisdictional amount required for Federal jurisdiction.[1]

Counsel for plaintiff advise this day remand is no longer sought. Accordingly, removal to this Court is proper and defendant's motion therefor is granted.

■ At issue are plaintiff's objection to certain of 17 interrogatories propounded by defendant, filed August 28, 1964. It appears that all have been answered in a previous trial in the Common Pleas Court for Florence County, S. C. Therefore, as to those interrogatories other than Nos. 4, 8, 10–13, 15 and 17 the record of that Court, as contained in the

official transcript of the Court Reporter thereof shall be conclusive. To this no objection was raised in the hearing today.

Defendant's interrogatory No. 4 is as follows:

"Please state the places and periods of all employment that the plaintiff has had during the past ten (10) years, the amount that he has earned from each of these employments and the total amount of his annual earnings during each of the past ten (10) years."

Ten years is unreasonable. Plaintiff shall furnish copies of income tax returns for 1957, 1958, 1959, 1960, and 1961 and same shall suffice.

■ Defendant's interrogatory No. 8 is as follows:

"Please state whether or not the plaintiff owned an automobile at the time of the accident in question. If so, please describe the same as to make, model, color and South Carolina license number. Please also state where said automobile was parked at the time of the accident in question, when the plaintiff had left it there and who moved it from said position following the accident in question."

Plaintiff shall answer in full.

■ Defendant's interrogatories Nos. 10 through 13 are as follows:

"Please list all crimes involving moral turpitude that the plaintiff has been charged with during his lifetime, the date the crime was alleged to have taken place, the place it was alleged to have occurred and the particular law enforcement agency involved."

"Please list all crimes involving moral turpitude that plaintiff has been convicted of, pled guilty to, pled nolo contendere to or forfeited bond in connection with during his life-

---

1. See Wright on Federal Courts page 9. Reference is also made to Order of October 15, 1964.

time, along with the dates and places said crimes were alleged to have occurred, and the particular law enforcement agency involved.

"Please list all other crimes that the plaintiff has been charged with during his lifetime, the date the crime was alleged to have taken place, the place it was alleged to have occurred and the particular law enforcement agency involved.

"Please list all other crimes that the plaintiff has been convicted of, pled guilty to, pled nolo contendere to or forfeited bond in connection with during his lifetime, along with the dates and places said crimes were alleged to have occurred, and the particular law enforcement agency involved."

Plaintiff shall furnish a list of all crimes involving moral turpitude to which plaintiff has pled guilty or of which he has been convicted as sufficient and proper answer to these interrogatories.

■ Defendant's interrogatory No. 15 is as follows:

"Please list all other damages plaintiff claims to have sustained as a result of the accident in question."

Plaintiff is required to furnish, in response thereto, only such information as is not contained in the record of the State Court hereinabove referred to.

■ Defendant's interrogatory No. 17 is as follows:

"Please give the dates, places and circumstances surrounding any accidents plaintiff was engaged in prior to or following the accident referred to in the complaint."

Plaintiff shall answer No. 17 as it has definite relation to the question of damages.

And it is so ordered.