John Travis GRIFFIN, Plaintiff,

v.

MEMPHIS SALES AND MANUFACTUR-ING COMPANY et al., Defendants.

No. EC653.

United States District Court
N. D. Mississippi, E. D.

June 15, 1965.

William S. Lawson, Tupelo, Miss., for plaintiff.

Mitchell, McNutt & Bush, Tupelo, Miss., for defendants.

CLAYTON, District Judge.

Plaintiff, a resident of Mississippi, brought this diversity action against two non-resident corporations and a non-resident individual to recover damages for injuries allegedly caused by the negligence of the defendants in the operation of a truck resulting in a collision with an automobile in which plaintiff was a passenger. The answer admits jurisdiction and admits that a collision occurred at the time and place alleged between the automobile in which plaintiff was a passenger and a truck being driven by the individual defendant, but denies all other allegations of the complaint. As affirmative defenses, various negligent acts of the driver of the automobile are alleged to be the sole proximate cause of plaintiff's injury.

The matter for disposition at this time consists of plaintiff's objection to four of fifteen interrogatories propounded by the defendants. Counsel have submitted memorandum briefs in support of their opposing positions.

The first interrogatory to which objection is made requires plaintiff to state the names and addresses of all witnesses he expects to use in the trial of this cause. Professor Wright's language in 2A Barron & Holtzoff, Federal Practice and Procedure § 766 (Wright Ed. 1961) is appropriate here:

> Though there is some authority to the contrary, and an argument can be made in support of such cases, it is generally accepted that though a party may obtain by interrogatories the names of witnesses to an occurrence, he is not entitled to ask the names of witnesses who will be called at the trial.

The rule is analogous to that which holds that a party may not be required to list the items of evidence which he expects to use. See United States v. Renault, Inc., 27 F.R.D. 23 (S.D.N.Y.1960); United States v. General Motors Corp., 2 F.R.D. 528 (N.D.Ill.1942). The rule quoted from Barron & Holtzoff, supra,

was approved by the Court of Appeals for the Fifth Circuit in Bell v. Swift & Company, 283 F.2d 407 (5th Cir. 1960), where it was said:

> Although a defendant, according to the weight of authority, is not required to state the names and addresses of witnesses he proposes to introduce at trial, he is required to disclose the names and addresses of persons "having knowledge of relevant facts". See 4 Moore's Federal Practice § 26.19, p. 1075 and cases there cited.

■■ Recently, the same court reversed a district court's dismissal of plaintiff's case for failure to answer a similar interrogatory on the ground that such information was not properly part of the discovery process. Wirtz v. Continental Finance & Loan Co. of West End, 5 Cir., 326 F.2d 561, 564 (1964). The case may be distinguished on the ground that no defensive pleading had been filed, although the court emphasized, not the absence of a defensive pleading, but the relative lack of proximity of the interrogatory to the trial date. The Bell case, supra, was cited as authority for the proposition that such disclosure may be inappropriate even at a pre-trial conference, although that question was expressly not decided. See, also, Truck Drivers and Helpers Local Union No. 696 v. Grosshans & Petersen, Inc., 209 F.Supp. 161, 164 (D.Kan.1962). A party may, of course, require disclosure of the names of all persons having knowledge of the facts pertaining to the occurrence out of which the action arose. Rule 26(b), Federal Rules of Civil Procedure. See 2A Barron & Holtzoff, Federal Practice and Procedure § 650 (Wright Ed. 1961). But the defendants cannot use the interrogatory procedure to limit the plaintiff this far in advance of trial in the selection of witnesses to be called. The first objection must be sustained.

■ The second objection goes to an interrogatory requiring plaintiff to state the names and addresses of all persons who saw or know anything about the accident. Plaintiff objects that the interrogatory is vague, indefinite, and impossible to answer because he was knocked unconscious at the time and does not know the identity of "all persons who saw . . . or . . . know anything about the accident." The interrogatory obviously requires plaintiff to identify all persons within his knowledge who saw the accident or who know anything material or relevant about the accident. Defendants offer in their brief to amend this interrogatory to make this explicit. Under Rule 26(b) this interrogatory, so interpreted, is proper and the objection must be overruled.

The third objection is in response to an interrogatory requiring plaintiff to identify all of his relatives within the fourth degree computed according to the civil law. Plaintiff contends that the interrogatory is both burdensome and irrelevant, and defendants reply that "in the presentation of a jury case it is certainly relevant to such presentation that one party know the names and addresses of the kinspeople of the opposite party at least to and including his first cousin."

■■ The scope of interrogatories under Rule 33 is expressly governed by Rule 26(b). Under the latter rule, discovery may be had regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. An objection that the material sought to be discovered will be inadmissible at the trial is not well taken if that material appears to be reasonably calculated to lead to the discovery of admissible evidence. The requirement of relevancy thus has reference to the subject matter of the action and the rule does not call into operation legal tests of relevancy or admissibility. Hercules Powder Co. v. Rohm & Haas Co., 3 F.R.D. 302 (D.Del.1943). This court has repeatedly recognized the broad scope of discovery under the Federal Rules of Civil Procedure.

Although only relevancy to the subject matter, as opposed to the issues of the case, is required, the material sought by the interrogatories must reasonably tend to shed light on some aspect of the controversy, Porter v. Central Chevrolet, Inc., 7 F.R.D. 86 (N.D.Ohio 1946), and while that material need not be admissible itself, it must "be reasonably calculated to lead to the discovery of admissible evidence." Applying these standards to the defendants' inquiry into the identity of plaintiff's relatives, the court is unable to perceive how such information is relevant even under the most liberal interpretation of the Rules. As outlined at the beginning of this memorandum, the subject matter involved in the pending action is a relatively simple matter of negligence in the operation of motor vehicles and the injuries sustained as a result. There is no suggestion in the pleadings or the briefs that plaintiff's relatives, as such, have any connection with the controversy, or that supplying their identities to defendants can reasonably be expected to lead to the discovery of any admissible evidence. Of course, if any of plaintiff's relatives have knowledge of relevant facts, their identities will be forthcoming in plaintiff's response to interrogatory number two. The third objection must therefore be sustained.

The final objection goes to an interrogatory with a double aspect. First, the interrogatory seeks the amount of plaintiff's gross income in certain designated years and, second, the plaintiff is instructed to attach to his answer copies of his income tax returns for those years. Plaintiff has, in terms, objected only to the second aspect of the interrogatory, although he has not answered the first. As to the first aspect of this interrogatory, an answer must be required. The relevance of plaintiff's income during the four years preceding the accident is readily apparent since the complaint puts the question of his income in issue by seeking damages for loss of earnings. Star v. Rogalny, 22 F.R.D. 256, 258 (E.D.Ill. 1958); 2A Barron & Holtzoff, Federal Practice and Procedure § 651.2 (Wright Ed. 1961).

As to the objection to the second aspect, plaintiff contends that a party cannot be compelled to produce documents under Rule 33, but must instead resort to Rule 34, under which good cause must be shown. While there was an irreconcilable conflict among the earlier decisions on this point, the rule is now generally accepted that copies of documents, even though subject to discovery, may not be obtained by interrogatories but only on a motion under Rule 34. The distinction is not unduly formal in view of the good cause requirement of Rule 34, which does not apply to Rule 33. Payer, Hewitt & Company, Inc. v. Bellanca Corporation, 26 F.R.D. 219 (D.Del.1960). The objection must be sustained.

An order will be entered in accordance with the foregoing.