**KECO INDUSTRIES, INC., an Ohio corporation, Plaintiff,**

v.

**STEARNS ELECTRIC CORPORATION, a Wisconsin corporation, Defendant.**

No. 66–C–35.

United States District Court
E. D. Wisconsin.

June 26, 1968.

Oliver A. Grootemaat, Milwaukee, Wis., for plaintiff; Paul W. Steer, Cincinnati, Ohio, of counsel.

Edmund B. Shea, Ralph M. Hoyt, Paul F. Meissner and Bruce B. F. Randolph, Milwaukee, Wis., for defendant.

REYNOLDS, District Judge.

Before this court is a motion by the defendant, Stearns Electric Corporation, to compel the plaintiff, Keco Industries, Inc., to produce certain documents for inspection and copying.

Plaintiff does business, among other things, as a supplier of air conditioning units to the United States Air Force. Defendant supplies "electric compressor clutches" and "electric blower clutches" which apparently may be used in air conditioning units. Plaintiff claims that defendant, pursuant to a contract, furnished it with clutches which later proved to be defective. Thus, this action is one for breach of contract. Plaintiff seeks damages of $111,085 for out-of-pocket losses attributable to the

breach, and $511,085 for loss of good will and future profits and for exemplary damages.

This motion is governed by Rule 34 of the Federal Rules of Civil Procedure, which Rule provides, in relevant part, as follows:

> "Upon motion of any party *showing good cause therefor* * * *, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, *not privileged,* which constitute or *contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)* and which are in his possession, custody, or control; * * *. The order * * * may prescribe such terms and conditions as are just. * * *" (Emphasis added.)

Rule 26(b) of the Federal Rules of Civil Procedure, referred to in Rule 34, sanctions inquiry into "any matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *." Rule 26 further provides: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Plaintiff has agreed to furnish all the items sought by defendant except for those numbered as 1(a), 5(a), 5(b), and 8 in defendant's motion. Each of these will be discussed in turn according to the principles applicable under Rules 34 and 26(b) of the Federal Rules of Civil Procedure.

*1(a)—"Copies of federal income tax returns filed by Keco [plaintiff] from and after January 1, 1960, to date."*

 Defendant claims that it needs these items to ascertain the extent, if any, to which plaintiff has suffered financial damage as a result of the allegedly defective clutches. Failure to order production of tax returns may amount to error. June v. George C. Peterson Co., 155 F.2d 963 (7th Cir. 1946). Income tax returns are not privileged from discovery. Star v. Rogalny, 22 F.R.D. 256 (E.D.Ill.1958). Plaintiff does not argue that they are but maintains simply that "too many factors and considerations are present in a year of business and production for the total income as reported for tax considerations to be pertinent to any particular matter." To some extent this is true. But this court still believes that the tax returns may shed some light on the damage issue, that they may at least "lead to the discovery of admissible evidence," and that sufficient "good cause" for their production has been shown, at least when one contrues the "good cause" requirement in the broad liberal sense contemplated by the framers of the Federal Rules. Thus, they should be furnished.

*5(a)—"All correspondence and other written communications between Keco and Fawick Airflex Division of Federal Fawick Corporation ('Fawick') pertaining to MA–1A air conditioners and clutches therefor."*

*5(b)—"All notes, memoranda and interoffice communications by Keco employees or agents pertaining to Fawick clutches, Fawick reports or Fawick correspondence and the use of Fawick clutches in the MA–1A air conditioners."*

Fawick allegedly supplied plaintiff with clutches after defendant's clutches proved defective. Plaintiff has indicated that it would "produce all information and documents requested here except such as contain proprietary information and trade secrets of Fawick, which is confidential and privileged information." Plaintiff also requested the court to condition its order so that it "need not exhibit, or * * * permit copying, of any proprietary or trade secret information which appears in the information and documents sought."

■ Defendant has strongly stressed its need for the Fawick materials and has contended that plaintiff cannot assert a privilege that belongs to Fawick, but it has also suggested that "there is no question of any proprietary, confidential or privileged information involved nor is there any question of trade secrets." Since the court agrees that defendant can obtain the information it needs without Fawick's "trade secrets" being disclosed, the court is not compelled to decide whether plaintiff can assert Fawick's alleged privilege, and it does not decide this question. Under Rule 34, the court's order "may prescribe such terms and conditions as are just." Therefore, as a matter of discretion, the court believes that its order to produce the Fawick materials for inspection and copying should be limited as plaintiff suggests. If it turns out that plaintiff is unduly expansive in defining terms like "trade secrets" and that defendant is unable to obtain the information it needs, the court at a later time may consider modifying its ruling. Then the court may be compelled to decide whether plaintiff can assert a purported privilege of Fawick's. However, if the court's order is applied by the parties in a spirit of mutual cooperation, there is every reason for confidence that defendant will obtain the information it needs, that Fawick will be protected, and that no modification of our ruling will have to be requested. Accordingly, plaintiff must furnish defendant the items sought by requests 5(a) and 5(b) but need not furnish any proprietary or trade secret information.

8. "All contracts, purchase orders, invoices and records of shipment pertaining to Keco products purchased or ordered by or shipped to the Air Force and other Keco customers since January 1, 1960."

■ Plaintiff maintains that "This request is patently burdensome * * *. * * * this involves some 20,000 files per year, or all in all, if Stearns' request were granted, it would involve removing from storage and carting to a place of inspection some 100,000 files." Defendant contends that "the question is not whether or not the request is burdensome, but whether it is justified in view of the relief requested by plaintiff." Defendant further contends that these items must be furnished so that it can inquire into causes, other than the allegedly defective clutches, that may have caused financial loss to the plaintiff.

In this suit plaintiff is seeking damages for lost profits and good will (and for exemplary damages) amounting to over half a million dollars. Thus, it is not in a strong position to complain of burdensome requests. Defendant is surely entitled to inquire into the reasons for alleged lost profits, and the court is not convinced that the request made is unduly burdensome under the circumstances. In the view of this court, plaintiff has demonstrated the requisite good cause for production of documents pertaining to the Air Force's relationship with Keco. In view of the fact that the complaint alleges loss of Air Force business and good will, Keco need not produce documents pertaining to "other customers."

IT IS THEREFORE ORDERED that plaintiff produce and permit defendant to inspect and copy or photograph each of the following documents set forth in defendant's motion by the following paragraph numbers, to wit:

1(a)—Copies of federal income tax returns filed by Keco from and after January 1, 1960, to date.

5(a)—All correspondence and other written communications between Keco and Fawick Airflex Division of Federal Fawick Corporation ("Fawick") pertaining to MA–1A air conditioners and clutches therefor.

5(b)—All notes, memoranda and inter-office communications by Keco employees or agents pertaining to Fawick clutches, Fawick reports or Fawick correspondence and the use of Fawick clutches in the MA–1A air conditioners.

8—All contracts, purchase orders, invoices and records of shipment pertaining to Keco products purchased or ordered by or shipped to the Air Force * * * since January 1, 1960.

IT IS FURTHER ORDERED that plaintiff need not disclose any trade secrets or proprietary information of Fawick Airflex Division of Federal Fawick Corporation.