Louis P. REICHERT, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 51192.

United States District Court,
N. D. California.

May 12, 1970.

negligence of the defendant plaintiff slipped and fell, suffering injuries to his right knee; plaintiff further alleges that his knee injury will permanently incapacitate him from engaging in sea duty.

The action is now before the court on plaintiff's objections to certain of defendant's requests for admissions of fact and certain of defendant's interrogatories; plaintiff is also requesting a protective order to prevent the alleged annoyance, expense and oppression occasioned by defendant's numerous and detailed interrogatories directed to allegedly irrelevant matters.

## REQUESTS FOR ADMISSIONS OF FACT

Plaintiff objects to requests Nos. 1–9 and 18–21, which relate to plaintiff's employment between 1963 and 1967, on the ground that such matter is irrelevant to any issue in the case and also on the ground that plaintiff had been ill much of the time prior to 1968 and had recovered in 1968 so that employment and earnings prior to that time are no indication of his capacity to earn in 1968.

Defendant has obtained records of plaintiff's past employment and earnings through the United States Coast Guard and through the Social Security Administration (see Exhibits A and B attached to defendant's response to plaintiff's objections).

Defendant now requests, in substance, that plaintiff admit the truth of those records.

The complaint in this action puts the question of income in issue by seeking damages for loss of earnings.

In determining prospective loss of earnings it is permissible to consider earnings for several years preceding the accident. The Sultana, 77 F.Supp. 287 (W.D.N.Y.1948); Skibinski v. Waterman SS Co., 242 F.Supp. 290 (S.D.N.Y.

L. Charles Gay, San Francisco, Cal., for plaintiff.

Charles W. Craycroft, of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendant.

## MEMORANDUM OF DECISION

### SWEIGERT, District Judge.

This is a seaman's action for personal injuries allegedly sustained on board the SS Hope Victory on December 18, 1968. Plaintiff alleges that as a result of the unseaworthiness of the vessel and the

1965); Eaddy v. Little, 235 F.Supp. 1021, 1022 (E.D.S.D.1964).

■ Accordingly, plaintiff's objections to requests Nos. 1–9 and 18–21 are not well taken and are hereby overruled.

Plaintiff objects to requests Nos. 11–12, which relate to a misconduct discharge received by plaintiff in 1965, on the ground that the matter is irrelevant and on the ground that it is an attempt to degrade plaintiff.

Plaintiff also objects to request No. 13, which relates to a failure by plaintiff to report for work in 1966, on the same grounds upon which the objection to Nos. 11–12 is based.

■ Plaintiff's past work record and employment capacity are certainly relevant to the question of what damages, if any, plaintiff would be entitled to if liability is established.

Accordingly, plaintiff's objections to Nos. 11–13 are not well taken and are hereby overruled.

■ Plaintiff objects to requests Nos. 16–17, which relate to a back injury suffered by plaintiff in September, 1968, on the ground that plaintiff is now claiming damages for a knee injury and that a "slight back injury * * * has no relevancy to a fractured knee."

In bringing this action plaintiff has placed his physical condition in issue and a prior back ailment is, therefore, relevant to any damages which might be awarded if liability is established.

Accordingly, plaintiff's objections to requests Nos. 16–17 are not well taken and are hereby overruled.

INTERROGATORIES

Plaintiff objects to interrogatories Nos. 3–6, 53–54, and 56–57, which relate to applications for unemployment insurance, disability payments, union disability pension payments and Social Security disability payments, on the ground that these are all collateral source benefits and under the collateral source doctrine they would be inadmissible and are therefore irrelevant.

■ Under the collateral source doctrine recoveries from such collateral sources as insurance payments may not be applied in diminution of any damage recovery awarded. Gypsum Carrier's v. Handlesmann, 307 F.2d 525, 535 (9th Cir. 1962).

■ In Hughes v. Groves, 47 F.R.D. 52, 56 (W.D.Mo.1969), substantially similar interrogatories as defendant's interrogatories Nos. 3–6, 53–54, and 56–57 were objected to under the collateral source doctrine. The court overruled the objections finding that collateral payments may offer some information on the type, location and severity of an injury or disability, as well as lead to the discovery of admissible evidence.

Defendant's interrogatories Nos. 3–6, 53–54, and 56–57 meet the requirements set forth above; accordingly, plaintiff's objections are not well taken and are hereby overruled.

■ Plaintiff objects to interrogatories Nos. 13–21, which relate to plaintiff's employment record in 1964–1966, on the ground that they are irrelevant to any issue in the case.

These interrogatories dealing with plaintiff's past employment record are clearly relevant to the subject matter of the action and should be allowed under Rule 33. Eaddy v. Little, *supra.*

Plaintiff objects to interrogatories Nos. 28–39, which relate to plaintiff's earnings from 1963–1966, on the ground that they are irrelevant and also on the ground that to answer these interrogatories would subject plaintiff to annoyance, expense and oppression.

Defendant points out that the information requested is readily at hand in that the Coast Guard and the Social Security Administration have supplied extensive information relating to plaintiff's employment and earnings for the period 1963–1968. Plaintiff is only requested to respond in detail if he con-

tends that he was employed on board ship at any time not shown in the Coast Guard records or if he contends that he earned more than is shown in the Social Security records.

Plaintiff placed the issue of earnings in question in this action and, therefore, any interrogatory dealing with past earnings is clearly relevant and material or reasonably calculated to lead to the discovery of admissible evidence. Eaddy v. Little, *supra*; Griffin v. Memphis Sales & Mfg. Co., 38 F.R.D. 54, 57 (N.D.Miss.1965).

Accordingly, plaintiff's objections to interrogatories Nos. 8–39 are not well taken and are hereby overruled.

Plaintiff objects to interrogatory No. 11, which relates to the names and addresses of persons claiming or believed by plaintiff to have knowledge of relevant facts concerning the occurrences surrounding the accident, on the ground that it is unintelligible and too broad in scope.

A substantially similar interrogatory was held to be unobjectionable in Griffin v. Memphis Sales, *supra*. Although No. 11 is quite broad it is nonetheless sufficient under the liberal discovery policy encouraged by Rule 33 and Rule 26(b).

Accordingly, plaintiff's objections to interrogatory No. 11 are not well taken and are hereby overruled.

Plaintiff objects to interrogatory No. 49, which relates to plaintiff's future employment plans, on the ground that it is irrelevant and also on the ground that it calls for speculation and is frivolous.

Plaintiff has indicated a permanent disability as a result of his accident; clearly his future employment plans are relevant to the subject matter of this action.

Accordingly, plaintiff's objection to No. 49 is not well taken and is hereby overruled.

Plaintiff objects to interrogatory No. 8(b), which relates to the " * * * capacity in the area of the accident of each witness," on the ground that it is indefinite and unintelligible.

Although plaintiff's objection may be improperly formed, we find that defendant is inquiring into matters which would most likely be within the knowledge of the defendant. Moreover, this information should be obtained through inquiries directed to the witnesses themselves rather than to the plaintiff.

Accordingly, plaintiff's objection to interrogatory No. 8(b) is hereby affirmed.

Plaintiff objects to interrogatory No. 8(c), which relates to the position of each witness at the time of the accident including the direction each witness was from plaintiff and a description of obstructions blocking the witness' view, on the ground that the information requested is within the knowledge of the witness and on the ground that the interrogatory is too detailed.

Although mere lack of knowledge is generally not a proper basis for objection, No. 8(c) does request information that defendant should be required to obtain through questions directed to the witnesses themselves and through inspection of the accident site.

Accordingly, plaintiff's objection to No. 8(c) is hereby affirmed.

We find that plaintiff has failed to demonstrate sufficient good cause to warrant a protective order.

Accordingly, it is the order of this court that plaintiff's motion for a protective order should be, and the same is, hereby denied.