William King SELF et al., d/b/a Riverside Oil Mill, Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY and Lloyds, New York, Defendants.

No. DC 6936–S.

United States District Court, N. D. Mississippi, Delta Division.

Dec. 15, 1970.

Pat D. Holcomb, of Holcomb, Connell & Fleming, Clarksdale, Miss., Harding A. Orren, of Robins, Davis & Lyons, Minneapolis, Minn., for plaintiffs.

Thomas H. Watkins, of Watkins & Eager, Jackson, Miss., for defendant, American Home Assurance Co.

Roy D. Campbell, of Campbell, DeLong, Keady & Robertson, Greenville, Miss., Joshua Green, of Green, Green & Cheney, Jackson, Miss., for defendant, Lloyds, New York.

John A. Davis, of Bridges, Young, Matthews & Davis, Pine Bluff, Ark., William J. Threadgill, of Threadgill & Smith, Columbus, Miss., for defendant Varco-Pruden.

MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

Defendant, Lloyds, New York (Lloyds), served certain interrogatories on defendant, Varco-Pruden, Inc. (Varco-Pruden), on June 1, 1970. Varco-Pruden answered the interrogatories on September 14, 1970, but objected to answering Interrogatories seven and eight on the ground that the information sought by these interrogatories is not relevant to the subject matter of the action and is not calculated to lead to the discovery of admissible evidence.

Lloyds has filed a motion with the court for an order compelling Varco-Pruden to answer these interrogatories. Such a motion is authorized by Rule 37 (a) (2) Fed.R.Civ.P.

Lloyds also seeks an order of the court to compel Varco-Pruden to more fully an-

swer Interrogatories two, four and forty five, contending the answers given by Varco-Pruden are incomplete.

The matter has been submitted to the court on the motion and briefs of the interested parties.

Varco-Pruden states in its brief that counsel for Lloyds have been informed of Varco-Pruden's desire to fully and completely answer Interrogatories two, four and forty five as the necessary information becomes available to Varco-Pruden. The court presumes this statement on the part of Varco-Pruden, makes it unnecessary for the court to consider the motion insofar as it pertains to these interrogatories. If this presumption is not correct, Lloyds may present an order to the court for entry requiring Varco-Pruden to answer these interrogatories as fully and in such detail as can be done from information in its possession, or under its control, or reasonably available to it.

The main controversy between the parties centers on Interrogatories seven and eight. It is not difficult for the court to determine the rule of law applicable to the issue presented. The difficulty arises from the application of the law to the facts of the case.

Rule 26(b) (1), Fed.R.Civ.P., provides, in part, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence".

It is universally accepted that the discovery rules applicable to the Federal Courts are liberally construed so as to permit the discovery of any matter which is relevant to the subject matter of the action. That the information sought is not admissible upon the trial of the action will not defeat the discovery, if rea-sonably calculated to lead to the discovery of admissible evidence. The processes of discovery must be kept within workable bounds on a proper and logical basis for the determination of the relevancy of that which is sought to be discovered. Jones v. Metzger Dairies, Inc., 5 Cir. 1964, 334 F.2d 919, 925. See Harrison v. Prather, 5 Cir. 1968, 404 F.2d 267; Griffin v. Memphis Sales & Mfg. Co., D.C.Miss.1965, 38 F.R.D. 54.

At issue in the case sub judice is the cause or reason for the collapse of a bean house, purchased by plaintiffs from Varco-Pruden, and insured by Lloyds against the hazard of a collapse due to explosion. Lloyds contends that the collapse of the bean house was due to error of design, a hazard not covered by its policy of insurance, and for which Varco-Pruden is responsible. The bean house furnished plaintiffs by Varco-Pruden was built to specifications furnished by plaintiffs, and did not come from its regular stock.

Lloyds seeks to use Interrogatories seven and eight as a vehicle to obtain the experience of Varco-Pruden with other bean houses designed and built by Varco-Pruden. It is contended by Varco-Pruden that the information requested is not relevant to the bean house designed and constructed for plaintiffs, which is the subject matter involved in the pending action. Lloyds contends that the subject matter involved in the action is the design, fabrication and construction of the bean house sold by Varco-Pruden to plaintiffs, and that the design and fabrication of other bean houses by Varco-Pruden and Varco-Pruden's experience with such houses, are reasonably calculated to lead to the discovery of admissible evidence, assuming arguendo that such matters might not be admissible in evidence on the trial of the action. The issue, therefore, in the language of counsel for Lloyds, is "Whether the facts of the collapses of other bean houses designed by Varco-Pruden, Inc. 'appears

reasonably calculated to lead to the discovery of admissible evidence' ".

The action sub judice is complex and may well result in a battle of the expert witnesses. It is apparent that it is always difficult to pinpoint the cause of the collapse of a structure, where the definite and precise cause is unknown.

It appears to the court that the past experience of Varco-Pruden with bean houses which it has designed, fabricated and constructed, may reasonably lead to the discovery of evidence admissible on the issue present in this case—i. e., the cause of the collapse of the bean house, whether from explosion, faulty design, defective fabrication, or negligent construction. The court's holding in this regard is buttressed by the observation made in 4 Moore's Federal Practice, at 26-137, 26-138, where Professor Moore, in discussing the general subject of admissibility of evidence in negligence cases, said:

> " * * * Although evidence of prior or subsequent repairs to, modifications in, or accidents caused by, the property or product which allegedly caused plaintiff's injuries may not be admissible at trial, the better view is that the discovery of such matters should be allowed. The more recent cases hold that inquiry can be made into similar accidents, though the terms on which settlements were made in other cases may not be inquired into. * * * "

The motion will be sustained as to Interrogatories seven and eight, except for Interrogatories 7(d) and 7(g), which need not be answered.

■ Lloyds seeks an allowance of $200.00 to reimburse it for attorney's fee incurred in connection with its motion for an order compelling Varco-Pruden to answer the foregoing interrogatories. The court does not feel that Varco-Pruden's refusal to answer the interrogatories was without substantial justification. The question was not without difficulty, and Varco-Pruden's action does not appear to be the result of an unreasonable decision.

An appropriate order is being entered by the court.