**Rose GOTTLIEB et al., Plaintiffs,**

v.

**Dr. Arthur S. BRESLER, Defendant.**

**Civ. A. No. 1179-59.**

United States District Court
District of Columbia.

Oct. 2, 1959.

Leonard Braman, Washington, D. C., for plaintiffs.

H. Mason Welch, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

■ The Court is of the opinion that a communication received by a liability insurance company from one of its insured concerning a matter covered by the insurance policy is not a privileged communication. It is not in the same class as a communication to an attorney. The law does not recognize any privilege of insurance companies. Neither is such a letter the "work product" of a lawyer within the meaning of Hickman v. Taylor.[1]

■ Confining the decision, however, to the facts of the case before the Court, the Court is of the opinion that good cause, as required by Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., has not been shown for the production of the report written by the defendant to his insurance company, in this case, which is what the plaintiffs seek.

■ It must always be borne in mind that while the Rules contemplate broad and liberal discovery, Rule 34 is in a different position from the other discovery rules since it, by implication, recognizes that the right to see other persons' documents and files should be properly safeguarded as otherwise there might be an invasion of the right of privacy.

The motion for discovery and inspection of document is denied.

---

1. 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.