Phoebe BREELAND, as Administratrix of the goods, chattels and credits of John H. Greene, deceased, and Bessie Sue Greene, an infant, by her general guardian, Phoebe Breeland, Plaintiffs,

v.

BETHLEHEM STEEL COMPANY, Defendant.

United States District Court
S. D. New York.

Dec. 29, 1959.

Harry H. Lipsig, New York City, for plaintiffs.

Cravath, Swaine & Moore, New York City, for defendant Harold R. Medina, Jr., David L. Foster, New York City, of counsel.

SUGARMAN, District Judge.

On May 27, 1958 Phoebe Breeland, as administratrix of John H. Greene and Bessie Sue Greene, by Phoebe Breeland her general guardian, filed a complaint in this court against Bethlehem Steel Company.

In addition to certain jurisdictional facts plaintiffs alleged, upon information and belief, that defendant, prior to December 13, 1957, "manufactured, assembled, packed, crated, sold, delivered

and distributed for profit the cable or cables or other equipment" thereinafter referred to; that prior to December 13, 1957 "said cable or cables were purchased by or on behalf of Cross, Austin & Ireland Lumber Co. or * * * others"; that plaintiffs' intestate, while working in the employ of Cross, Austin & Ireland Lumber Co. or such others "was directed to and did use the said steel cable or cables and used same for the purpose intended" and that he "did not know and had no notice or knowledge of the dangerous propensities of said steel cable or cables in connection with the use of same"; that due to the "negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees * * * the said steel cable or cables did break, tear apart and fall, causing the load of wood same was supporting to fall and crash upon plaintiffs' intestate" with resultant injury, pain to and death of plaintiffs' intestate.

The complaint further alleges:

"13. Upon information and belief the defendant, its agents, servants and/or employees, was reckless, negligent and careless in manufacturing, assembling, selling and distributing the said steel cable or cables when same was inherently dangerous, defective, improperly constructed, and unsuitable for the use intended; in selling and distributing same without adequate, proper and correct warnings, instructions. and safeguards in the use of same; in concealing and failing to disclose the full extent of the dangerous propensities of said steel cable or cables; in recklessly and carelessly manufacturing and distributing same in such fashion as to unnecessarily increase the hazards thereof; in manufacturing and distributing steel cables that were too dangerous, weak and unfit for the use intended; in doing all of same with the full knowledge that said cables would be distributed to persons unaware of its dangerous propensities; in manufacturing, selling and dis-

tributing an unnecessarily weak, dangerous, defective and unfit cable; in warranting, representing and advertising to the public that the said cable or cables were properly fit for the use intended when same was so dangerous as not to be fit for the use intended; in warranting, representing and advertising to the public that the said cable or cables were fit, capable and suitable to bear a weight in excess of its actual limitations; in violating the rules and regulations of the various governmental bureaus and departments applicable thereto, and in generally being reckless and careless, the defendant, its agents, servants and/or employees was negligent."

and that of all of which the defendant "had actual and constructive notice".

Disclaiming any negligence on the part of plaintiffs' intestate, the complaint seeks, in its first claim $50,000 damages for his pain and suffering and in its second claim, $550,000 damages for his death.

The answer is in essence a general denial and pleads the special defenses of plaintiffs' intestate's contributory negligence, and of that of his fellow workmen and employer.

Simultaneously with the service of its answer on July 31, 1958 defendant served plaintiffs with 78 written interrogatories, many of which have subdivisions, each calling for as much as eleven answers.

On August 7, 1958 plaintiffs moved "for an order vacating the demand for written interrogatories" or "to modify said interrogatories by eliminating therefrom" fifty-five thereof. The "motion" was argued on September 8, 1958 and Judge Edelstein on October 20, 1958 treating the plaintiffs' motion as a notice of hearing upon plaintiffs' objections to the defendant's interrogatories (F.R.Civ. P. rule 33, 28 U.S.C.A.) sustained two, limited one and overruled the rest.

Without answering the defendant's interrogatories, plaintiffs, on October 9, 1959, served upon defendant a set of

fifty-three interrogatories to be answered by defendant.

Defendant met this by a motion made October 21, 1959 for an order "striking the complaint and dismissing this action in its entirety or, in the alternative, staying all other proceedings herein until 30 days after plaintiffs have served adequate answers to defendant's interrogatories" and extending "defendant's time to answer or object to plaintiffs' interrogatories". Before defendant's motion was returnable plaintiffs served answers to defendant's interrogatories.

Judge Weinfeld disposed of defendant's motion by an order entered on November 14, 1959 which granted same and provided that "judgment is directed to be entered in favor of defendant dismissing this action and the complaint therein, with leave to plaintiffs, on or before November 27, 1959, to serve and file adequate answers to defendant's interrogatories and to apply to this Court within 15 days thereafter for a ruling as to their adequacy and, in the event that such answers are held to be adequate, the judgment of dismissal hereby directed shall be vacated and defendant's time within which to answer or object to plaintiffs' interrogatories is hereby extended to and including the 10th day after entry of an order upon such holding".

Thereafter, on November 25, 1959, plaintiffs served and filed a new set of verified answers to defendant's interrogatories. On November 27, 1959, returnable December 8, 1959, plaintiffs moved "for an order determining the adequacy of plaintiffs' answers to defendant's interrogatories and vacating the judgment of dismissal". Defendant, on December 2, 1959, returnable also on December 8, 1959, cross moved (should the judgment of dismissal be vacated) "for an order striking plaintiffs' complaint as sham pursuant to Rule 11 of the Federal Rules of Civil Procedure and dismissing the action, or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing this action and plaintiffs' complaint".

The defendant's cross motion for summary judgment was withdrawn at the argument on December 8, 1959 for failure to comply with the requirement of F.R.Civ.P. 56(c) that a motion under that rule be upon 10 days' notice. There is thus left for determination (1) the adequacy of plaintiffs' answers to defendant's interrogatories and the plaintiffs' motion to vacate the dismissal of the complaint and (2) defendant's motion under Rule 11 to strike the complaint as sham.

## I.

### The adequacy of the plaintiffs' answers to defendant's interrogatories.

Instead of availing himself of the simple notice pleading contemplated by the Federal Rules of Civil Procedure, Appendix of Forms, 28 U.S.C.A. (cf. Forms 9 and 10 of the official forms appended to the rules), the plaintiffs' counsel undertook to draft a long-winded complaint of which the thirteenth paragraph quoted above is a classic. As was to be expected, this type of pleading invited an equally long-winded set of interrogatories. Inasmuch as plaintiffs' objections to these interrogatories have in the main been overruled, their sufficiency will not now be inquired into. What is left to do is determine whether the proffered answers are adequate pursuant to the order of dismissal.

The defendant's interrogatories, commencing with No. 22 and terminating with No. 55, all address themselves to the verbose allegations contained in the thirteenth paragraph of the complaint, which incidentally is contained in the first claim for pain and suffering and is reiterated in the second claim for death.

Briefly stated, these interrogatories demand specific details as to the allegations in the complaint that the cable or cables were inherently dangerous, defective, improperly constructed and unsuitable for the use intended; the allegations that the defendant was reckless, negligent and careless in their manufacture, assembly, sale and distribution; the allegations that the defendant sold them without adequate, proper and correct

warnings, instructions and safeguards; the allegations that the defendant concealed and failed to disclose their dangerous propensities; the allegations that the defendant manufactured them in a manner so as to unnecessarily increase their hazards; the allegations that they were too dangerous, weak and unfit for the use intended; the allegations of the defendant's negligence in warranting and advertising their capacity, etc., *ad nauseam*.

In answering these interrogatories, plaintiffs in large measure disclaim knowledge of the facts sought. This is quite understandable under the circumstances of this case because neither plaintiff was present when their intestate met his fatal injury. Normally plaintiffs should not be required to procure, by the deposition of witnesses, the decedent's employer or the defendant, the facts necessary to fully answer the defendant's interrogatories. However, under the proceedings thus far, peculiar to the case at bar, leave to bring on this motion to vacate the dismissal of the complaint was limited to a showing of the adequacy of the answers. Within that narrow orbit, the mere statement of lack of knowledge by plaintiffs, of the facts sought by the defendant's interrogatories, without any recital of what attempt, if any, has been made to acquire the knowledge, is certainly insufficient (cf. 4 Moore's Fed.Prac. (2d ed.) 2331).

Accordingly, the plaintiffs' motion to vacate the dismissal of their complaint is denied. However, leave is granted to the plaintiffs on or before the 22nd day of June, 1960, to serve and file a new set of answers to the defendant's interrogatories and to apply to this court within fifteen days thereafter for a ruling as to their adequacy and, in the event that such answers are held to be adequate, for a vacatur of the judgment of dismissal entered herein on the 14th day of November, 1959.

The defendant's time within which to answer or object to plaintiffs' interrogatories is hereby extended to and including the tenth day after entry of an order upon such holding.

The defendant's traditional priority in first serving its interrogatories shall not impede any discovery process employed by the plaintiffs in enabling them to answer the defendant's interrogatories.

II.

The defendant's motion under Rule 11 to strike the complaint as sham is denied.

It is so ordered.