**CITY OF PHILADELPHIA, PA.,**
v.
**WESTINGHOUSE ELECTRIC CORPO-
RATION et al.**

Civ. A. No. 29810.

United States District Court
E. D. Pennsylvania.

Nov. 19, 1962.

Harold E. Kohn, Aaron M. Fine, Dolores Korman, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for plaintiff.

W. Bradley Ward, Edward W. Mullinix, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants Allis-Chalmers Mfg. Co. and W. G. Lewis.

KIRKPATRICK, District Judge.

This case is before the Court upon a motion under Rule 34 to produce a typewritten statement given by a witness who is being deposed in the course of the National Deposition Program in a number of electrical equipment antitrust actions pending in this court. The background is as follows:

W. G. Lewis, the witness, is the manager of sales of circuit breakers for the Allis-Chalmers Manufacturing Company, one of the defendants in these proceedings. On November 17 and 18 and De-

cember 22, 1959, Lewis testified before the Federal Grand Jury which subsequently indicted Allis-Chalmers and a number of other manufacturers for violation of the antitrust laws—a proceeding which terminated in pleas of guilty by a number of the defendants including Allis-Chalmers. At the end of each day's testimony, he met lawyers for Allis-Chalmers and under questioning by them, dictated to a tape recorder a lengthy account of his testimony before the Grand Jury. The statement so recorded was transcribed and constitutes the document which is the subject of this motion.

█ (1) I have already ruled that production of the statement is not forbidden by the attorney-client privilege, and my reasons appear in an oral statement made in the course of taking the deposition.

█ (2) I have also ruled that the statement does come within the scope of the concept frequently referred to as "the work product principle." That principle is set forth by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and protects from disclosure statements taken by a lawyer in the course of preparing himself to represent a party in connection with litigation. As interpreted by the Court of Appeals of this (third) circuit, parties asking for production must have shown "good cause, that is * * * demonstrated that the special circumstances * * * make it essential to the preparation of their cases, for them to see and copy the statements sought." Alltmont v. United States, 3 Cir., 177 F.2d 971, 978.

(3) It was contended by the plaintiff that Pre-Trial Order No. 2 of this court (No. 9 of the National Discovery Program) eliminates the necessity for a showing of good cause or of special circumstances. That order which provides that the defendants shall produce documents specified therein, a list of which would include the document here in question, contains a proviso that "documents with respect to which privilege is claimed" be deposited under seal. The defendant did not do this but that is immaterial.

Although it is true that the work-product principle is not a "privilege," it has been frequently referred to (erroneously, I think) as such and I am satisfied, not only from the context in which it is used and purpose to be achieved by the pre-trial order but also from interviews with judges who took part in the conference with attorneys at which its terms were discussed, that it was intended that the proviso with respect to the claim of privilege should apply to a claim for protection under the work-product principle and that it was so understood by counsel present.

█ (4) The burden of showing good cause or "special circumstances" which would justify invading the privacy of a lawyer in preparing his case for trial is upon the party seeking the disclosure—in this case the plaintiff. The principal ground on which it bases its claim of good cause is that the witness's testimony on the stand may be in conflict with many parts of the statement and that other relevant facts may have been suppressed by the witness.

█ I have read the statements. They were delivered to me under an agreement by the parties that I should take them temporarily and, before announcing my ruling as to whether or not good cause appeared in the case, would redeliver them to the defendant's attorney in order that he might have an opportunity to take whatever measures he desired in order to resist their being delivered to the plaintiff. I am not sure that the procedure adopted, namely, having the judge read the statements and compare them with the testimony on deposition in order to determine what, if any, discrepancies exist, is a wise one. In the present case, it was a considerable burden and I can easily envision cases in which it would be practically an impossible one. Moreover, it, in effect, transfers the burden of showing good cause from

**352**

the plaintiff to the judge, requiring him, if he orders disclosure, to justify his action, at least to himself. Therefore, I should say that I do not wish to endorse this procedure as desirable or make its use in this case stand as a precedent where production is sought under Rule 34.

■ I am of the opinion that sufficient cause for the production of these statements does not appear in the present case. Under the procedure adopted here any discussion of this point would constitute an invasion of the privacy which the ruling is intended to protect. The motion to compel production of them is denied and they will be redelivered to the defendant's attorney.