**Roger C. KIMBALL, Plaintiff,**

v.

**OCEAN DRILLING & EXPLORATION CO., Defendant.**

**Civ. A. No. 15771.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Aug. 17, 1967.

Vinson M. Mouser, Holmes Mouser, Columbia, La., for plaintiff.

George B. Matthews, New Orleans, La., for defendant.

RUBIN, District Judge:

Acting under Rule 34 of the Federal Rules of Civil Procedure, the plaintiff seeks to compel the defendant to produce the statements of the four witnesses to the accident sued on taken shortly after the accident happened. The record does not reflect who obtained the statements, but the defendant does not contend that they are part of the work product of defense counsel as defined in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The defense is that good cause has not been shown, and, alternatively, that the plaintiff should be required to take the depositions of the witnesses before seeking to compel the production of their statements.

The plaintiff has interviewed three of the witnesses; the fourth, who has not been interviewed, lives in Mexico. The plaintiff contends that it is uncertain, following the interviews, whether these witnesses saw the accident in question because they confused the facts of this case with those of a similar accident which happened about the same time. The accident which is the subject matter of this action allegedly happened at 2:00 A.M., but two of the witnesses interviewed by the plaintiff state that the

accident happened at about 2:00 P.M. Although this discrepancy may be due to lapse of time, since the accident happened over two years ago, it is possible that these witnesses observed another accident.

Under Rule 34, the relevant inquiry is whether the plaintiff has shown "good cause" for the production of these statements.[1] What constitutes a showing of "good cause" depends upon the particular circumstances of each case.[2] The burden is on the mover to establish good cause. "In view of the liberal spirit of the rules, the court should be disposed to grant such discovery as will accomplish full disclosure of facts, eliminate surprise, and promote settlement. What must be shown under the requirements of good cause in Rule 34 are such circumstances as give the court reason to expect that the beneficial objectives of pre-trial discovery will be achieved."[3]

In Goosman v. A. Duie Pyle, Inc.,[4] the court ordered production of the written statement previously given by a witness when the witness refused to say at his deposition whether the prior written statement agreed with the facts stated in his deposition. In McDonald v. Prowdley,[5] the Court found good cause to order the production of a statement given by a witness where the witness could not remember significant details about the accident. The court observed:

"Production is necessary then, not only to discover what details, if any, he did know of the accident, but also for impeachment purposes should he recall

---

1. Rule 34 of the Federal Rules of Civil Procedure provides in part that upon "motion of any party showing good cause therefor * * * the court in which an action is pending may * * * order any party to produce * * * any designated documents * * *."

2. American Cyanamid Company v. Hercules Powder Company, D.Del., 1962, 211 F. Supp. 85; United States v. National Steel

Corporation, S.D.Tex., 1960, 26 F.R.D. 603; Pennsylvania R. Co. v. Julian, D. Del., 1950, 10 F.R.D. 452.

3. Crowe v. Chesapeake and Ohio Railway Company, E.D.Mich., 1961, 29 F.R.D. 148, 151.

4. 4 Cir., 1963, 320 F.2d 45.

5. W.D.Mich., 1965, 38 F.R.D. 1.

what happened some time before trial commences.[6]

█ The Fifth Circuit Court of Appeals in Southern Railway v. Campbell [7] held that the District Court was not in error in finding "good cause" to order the production of the statements of a train crew and of the father of the deceased youth for whose death the suit was brought where agents of the railroad obtained statements from the crew and from the father soon after the accident happened, and the plaintiff did not engage counsel until six months after the accident.

None of these cases are determinative here. But they do indicate pretty clearly from what quarter the wind ought to blow. The purposes for which pre-trial discovery was provided in the Federal Rules of Civil Procedure will be best served if the statements here involved are made available to the plaintiff, and there has been a sufficient showing of good cause to warrant requiring their production. This is not a situation where the plaintiff refuses to do his own investigation and discovery work, but one where he has attempted to obtain all the facts surrounding the accident. Pre-trial discovery will be promoted by directing production of these statements. The defendant has not shown that it will be prejudiced in any way as a result of the discovery.

██ No lawyer likes to yield the advantage gained by prompt investigation. No advocate likes to yield the benefits that may come from having a statement not available to his opponent that can be used, as need requires, to refresh the memory of a witness, or to impeach his testimony. But the purpose of pre-trial discovery is at least in part to mitigate the advantages that are thus obtained. It is designed to, and should achieve, the "fullest possible knowledge of the issues and facts before trial." [8]

For the above reasons, the plaintiff's motion for the production of statements sought is granted.

6. Id. at 3.

7. 1962, 309 F.2d 569.

8. Hickman v. Taylor, 1947, 329 U.S. 495, 501, 67 S.Ct. 385, 389.