**SOUTHERN RAILWAY COMPANY,**
Appellant,

v.

**Carl Talmadge LANHAM et al.,**
Appellees.

**No. 25148.**

United States Court of Appeals
Fifth Circuit.

March 4, 1969.

John R. Brown, Chief Judge, dissented.

Burt De Rieux, Atlanta, Ga., for appellant.

Nolan B. Harmon, G. W. Thackston, Atlanta, Ga., for appellees.

## EN BANC

Before BROWN, Chief Judge, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, and CLAYTON,[*] Circuit Judges.

## ON MOTION FOR REHEARING

PER CURIAM:

The motion for rehearing en banc initiated by a member of the Court in regular active service is denied, a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure, Local Fifth Circuit Rule 12).

JOHN R. BROWN, Chief Judge (dissenting):

I dissent from the denial of the rehearing en banc.

Under FRAP 35 and Local Rule 12 I requested a poll of the Court for rehearing en banc on the Court's own motion. A majority voted against en banc.

For present purposes I can accept the substantive rulings made by the Court concerning the District Court's discovery orders. But I find myself in substantial disagreement with two things, the first of which precipitates the second altogether: (1) the holding that a mandatory order to produce certain things under discovery is not a final judgment reviewable under 28 U.S.C.A. § 1291, and more serious, (2) the willingness of the Court to allow a person who has violated a court order to question the validity of it on appeal from a criminal contempt.[1]

## I.

Many courts have, of course, held that discovery orders as such are not reviewable. These cases do not take into account the real finality of these orders and many must give way to the more modern approach of our recent cases such as United States v. Wood, 5 Cir., 1961, 295 F.2d 772, *cert. denied* 1962, 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9; and Kennedy v. Lynd, 5 Cir., 1962, 306 F.2d 222, *cert. denied* 1963, 371 U.S. 952, 83 S.Ct. 507, 9 L.Ed.2d 500. When directed to papers in the possession of an employee of a party or its counsel, the order to produce would support, and normally call for, the civil sanction of imprisonment pending compliance. That result—the imprisonment of the custodian—is as final in an operational sense as anything could be. The custodian simply languishes in jail until compliance. The outcome of the damage suit has nothing to do with the confinement.

These considerations are important, for if the discovery order were appealable as operationally final, the Court would not have pushed so hard in its laudable effort to afford judicial review of these orders by treating this as a criminal contempt.

## II.

The second and more serious problem is the outright but undisclosed, undiscussed, holding by this panel, that the

---

[*] Judge CLAYTON did not participate in the vote on rehearing en banc due to illness.

[1]. I have considerable difficulty in finding this a criminal contempt. Mere characterization by the court does not make it such. Shillitani v. United States, 1966, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622.

validity of an underlying order may be reviewed on appeal from a judgment of criminal contempt. This is a complete contradiction of United States v. United Mine Workers, 1947, 330 U.S. 258, 67 S. Ct. 677, 91 L.Ed. 884, recently revitalized in Walker v. City of Birmingham, 1967, 388 U.S. 307, 87 S.Ct. 1824, 18 L. Ed.2d 1210.[2] As the Supreme Court said in *Mine Workers, supra*: "[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. This is true without regard even for the constitutionality of the Act under which the order is issued. 'An injunction duly issuing out of a court * * * with equity powers upon pleadings properly invoking its action, * * * must be obeyed by them, however erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, * * * its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.'

"Violations of an order are punishable as criminal contempt even though the order is set aside on appeal * * * or though the basic action has become moot * * *." 330 U.S. at 293–294, 67 S.Ct. at 696, 91 L.Ed. at 912–913. (Footnotes omitted).

I know this sounds like a shocking doctrine. It impressed me as such to begin with. But there is much wisdom in it. People simply cannot have the luxury of knowing that they have a right to contest the correctness of the judge's order in deciding whether to willfully disobey it. That is an awesome act and it sets in train awesome responsibilities. Court orders have to be obeyed until they are reversed or set aside in an orderly fashion. We believe in law and order and this is consistent with that kind of law and order. But, in any event, the Supreme Court has made it so plain that it is not open to question, and for the protection of this Court's decrees in sensitive areas, we should be very slow, lest an opinion which does not begin to discuss the serious question at all may be read by those who read, to show that they can take this risky course and it might pay off. As this Court has expressly recognized in Clark v. Boynton,[3] this is of great importance to this Court as it mandates judgments in the most serious and delicate areas. If a party can disobey an order in a civil case, as we have here, equality may well call for escape for the man who disobeys an injunctive order in the civil rights area. If court orders are to be obeyed, this we cannot have.

2. Some suggest that the celebrated case on discovery, Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, which did review discovery orders, reflects that criminal contempt is the permissible route for review. It is ironic that it preceded *Mine Workers* by but a few months. Despite the fact that the editorial caption to the Supreme Court opinion and the Third Circuit opinion, 153 F.2d 212, characterize *Hickman* as a criminal contempt, the Supreme Court said: "Upon their refusal, the court adjudged them in contempt and ordered them imprisoned *until they complied.*" (Emphasis added.) 329 U.S. at 500, 67 S.Ct. at 388, 91 L.Ed. at 456. This was obviously a civil contempt proceeding in which the defendant had the key to the jail house door.

3. 5 Cir., 1966, 362 F.2d 992; cf. Cliett v. Hammonds, 5 Cir., 1962, 305 F.2d 565.