Kenneth O. JACKSON, Plaintiff,

v.

KROBLIN REFRIGERATED XPRESS, INC., a corporation, N.S.L. Sales, a corporation, and ·Wayne E. Millage, Jr., Defendants.

Civ. A. No. C-67-74-E.

United States District Court,
N. D. West Virginia.

Feb. 13, 1970.

James W. Pyles, New Martinsville, W. Va., for plaintiff.

Richard E. Hamstead, Morgantown, W. Va., for defendants.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

This action arises out of a single vehicle accident which occurred in Taylor County, West Virginia, on July 3, 1965. The plaintiff, a citizen of North Carolina, was riding as a passenger in a tractor allegedly owned by defendants, Kroblin Refrigerated Xpress, Inc. and N.S.L. Sales, corporations incorporated under the laws of the State of Iowa, and driven by Wayne E. Millage, Jr., a citizen of Iowa. The mishap occurred while the tractor was traveling in an easterly direction on U. S. Route 50 near the community of Pruntytown.

As a result of the accident, plaintiff filed suit against the defendants seeking damages for personal injuries, medical expenses, and loss of income, totaling $150,000.00. The jurisdiction of this Court was invoked under 28 U.S.C.A. § 1332.

Defendants propounded interrogatories to plaintiff which were duly answered. Plaintiff then served interrogatories on the defendants, who have objected in part to plaintiff's interrogatories. Both parties have subsequently submitted briefs to the Court in support of their respective contentions regarding these objections.

The objections raised fall within several areas which will be discussed individually.

\* \* \* \* \* \*

(1) Whether the interrogatories may require a party to submit a listing of all witnesses which he plans to use in the impending trial of the matter?

It is a well settled rule with which this Court concurs, that interrogatories which seek the names and addresses of an opposing party's trial witnesses are not proper because of the prematurity of such a request at so early a stage in the pre-trial proceedings. Wirtz v. B. A. C. Steel Products, Inc., 312 F.2d 14, 16 (4th Cir. 1962); Wirtz v. Continental Finance & Loan Co. of West End, 326 F.2d 561, 564 (5th Cir. 1964); Bell v. Swift & Co., 283 F.2d 407, 409 (5th Cir. 1960); Griffin v. Memphis Sales & Mfg. Co., 38 F.R.D. 54, 56 (N.D.Miss. 1965); Annot., 19 A.L.R.3d 1114 (1968). This rule has arisen to protect the interrogated party from being placed at an undue disadvantage as clearly pointed out by the court in Fidelis Fisheries, Ltd. v. Thorden, 12 F.R.D. 179, 180 (S.D.N.Y.1952). Nevertheless, this

must be distinguished from the situation where as provided in Rule 26(b), Federal Rules of Civil Procedure, interrogatories relating to "the identity and location of persons having knowledge of relevant facts" are permissible. Moreover, they are necessary if the purposes of the discovery process are to be fulfilled.

■ Subsequent to the propounding of plaintiff's interrogatories and the filing of objections thereto, a pre-trial conference order has issued from this Court. Paragraph 10 of the suggested format of pre-trial orders which accompanied the Court's order, provides for a list of witnesses to be offered at the trial by plaintiff and a separate list of witnesses to be offered at the trial by each defendant to be included in the pre-trial order. This list is to include the names, addresses, and a brief statement indicating the content and area of each witness' testimony. There is no question with regard to the propriety of the requirement that this information be exchanged by the parties and provided to the Court when the pre-trial conference stage is reached. This is within the Court's discretion as to matters which are to be considered at a pre-trial conference in accordance with Rule 16 of the Federal Rules of Civil Procedure. See 1A Barron & Holtzoff, Federal Practice & Procedure, § 473, at 840 (Wright ed. 1960). Therefore, the requirement of the ultimate pre-trial conference order has the effect of eliminating the contention of this issue.

\*    \*    \*    \*    .\*    \*

(2) Whether plaintiff may, by way of interrogatories propounded to defendants, require defendants to answer questions concerning any possible public liability insurance carried by defendant?

There has always been vocal controversy concerning this issue. The opposition to admissibility ordinarily concentrates on the contention that insurance policy factors are not discoverable because they are not relevant (relevancy as set out in Rule 26(b), Federal Rules of Civil Procedure) to the subject matter of the litigation. However, where relevancy is shown by the direct relationship of the insurance policy to the issues in dispute, the opposition must fall. This is the apparent situation in the instant case.

■ The purpose of pre-trial discovery is to eliminate the issues which are not in controversy and exchange the factual background information necessary for trial preparation. Here, plaintiff contends and the Court observes that there are issues in .controversy other than the issue of the insured's conduct, and discovery of insurance factors is necessary for their determination. These include issues of ownership and agency. Thus, in the instant case, discovery of these matters as set forth in the defendants' insurance policies will be allowed. See Orgel v. McCurdy, 8 F.R. D. 585 (S.D.N.Y.1948); Hooker v. Raytheon Co., 31 F.R.D. 120, 123 (S.D.Cal. 1962); McDowell Associates, Inc. v. Pennsylvania R. R., 142 F.Supp. 751, 752 (S.D.N.Y.1956).

\*    \*    \*    \*    \*    \*

(3) Whether statements or reports made by a defendant to his insurance carrier in compliance with the terms of his insurance policy are discoverable by interrogatories served on that defendant by the plaintiff?

Defendants would raise the screen of privileged communication, as made by a client to his attorney, as a bar to the discovery of any such statements or reports. However, it is plainly the rule in federal courts as expressed in Gottlieb v. Bresler, 24 F.R.D. 371, 372 (D.D.C. 1959) that

a communication received by a liability insurance company from one of its insured concerning a matter covered by the insurance policy is not a privileged communication. It is not in the

same class as a communication to an attorney. The law does not recognize any privilege of insurance companies. Neither is such a * * * [communication] the "work product" of a lawyer within the meaning of Hickman v. Taylor [, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)].

See also, Southern Ry. v. Campbell, 309 F.2d 569, 572 (5th Cir. 1962); Martin v. N. V. Nederlandsche Amerikaansche Stoomvaart Maatchappij, 8 F.R.D. 363, 364 (S.D.N.Y.1948); Bough v. Lee, 29 F.Supp. 498, 501 (S.D.N.Y.1939).

Nevertheless, the court in *Gottlieb* denied the motion for discovery because good cause for the production of the report written by the defendant to his insurance company was not shown as required by Rule 34, Federal Rules of Civil Procedure. This is in line with a large number of cases which favor the allowance of discovery, by way of production, of such a report only when good cause is shown. Southern Ry. v. Lanham, 403 F.2d 119, 126, rehearing denied 408 F.2d 348 (5th Cir. 1968); Kimball v. Ocean Drilling & Exploration Co., 42 F.R.D. 657, 658 (E.D.La.1967); Johnson v. Ford, 35 F.R.D. 347, 348 (D. Colo.1964); City of Philadelphia, Pa. v. Westinghouse Elec. Corp., 32 F.R.D. 350, 351 (E.D.Pa.1962).

In the instant case, discovery of the alleged report or statements is sought by way of interrogatories rather than by way of production of documents under Rule 34. Still, it is felt that good cause should be shown to compel statements to be copied verbatim by defendants in an answer to an interrogatory. If we relaxed the requirement that good cause be shown, Rule 34 could be circumvented by way of interrogatories filed under Rule 26. This should not be the accomplished result. See 4 J. Moore, Federal Practice ¶ 26.24 [8.—2], at 1409–1419 (2d ed. 1962).

Applying the standards set forth in Rule 34 to the instant case, the Court must now determine what is required of the party seeking discovery in order to show the required necessity to obtain the statements earlier made to a liability carrier by defendants. The most commonly applied standard is that expressed in Crowe v. Chesapeake & Ohio Ry., 29 F.R.D. 148, 151 (E.D.Mich.1961), that circumstances must be shown "as give the court reason to expect that the beneficial objectives of pre-trial discovery will be achieved." Accord: Wright, Federal Courts, § 87, at 338 (1963).

Here, plaintiff is faced with the situation that he cannot know until he receives answers to his propounded interrogatories, whether or not such a statement exists. Defendant Millage admits to having made statements but professes that he does not know to whom they were made. (Answer to interrogatory no. 45.) This type of evasive answer does not lend itself to achieving "the beneficial objectives of pre-trial discovery."

Free access to facts is an essential consideration when dealing with the discovery process, if the purpose of discovery is to be achieved, and issues are to be eliminated. The achievement of this objective is, therefore, a higher priority when compared to any allegation of unfairness which may be raised by defendants. Thus, the Court here finds that there is good cause shown for plaintiff's prerogative to require defendants' complete answers to these contested interrogatories.

The allegation by a defendant that he does not have those statements within his possession or under his control (Answer to interrogatory no. 47.) must also be looked at with suspicion by the Court. A party to civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts which he made to acquire the information. Breeland v. Bethlehem Steel Co., 179 F.Supp. 464, 467 (S.D.N.Y.

1959). Furthermore, a rule of long standing is that a party "cannot avoid giving an answer to an interrogatory by an allegation of ignorance, if he can obtain the necessary information from sources under the control of the party." 4 J. Moore, Federal Practice, ¶ 33.26, at 2404, 2405 (2d ed. 1966).

\* \* \* \* \* \*

(4) Whether statements made by the plaintiff and in the possession of counsel for defendants are discoverable?

Interrogatories nos. 49 through 58, as propounded by plaintiff to defendants seek information regarding a statement admittedly within the possession of defendants. Not only the content of the statement is sought, but plaintiff, in anticipation that defendants' counsel will claim that the statement is a privileged communication and a part of his work product, seeks to have defendants buttress their response with information how, and by whom, such statement was taken.

Counsel for defendants has chosen not to answer any of the interrogatories dealing with this subject matter. Thus, other than the admission, contained in defendants' reply memorandum of authorities, of the existence of such a statement in his possession, counsel for plaintiff would be deprived of all knowledge of that statement and could have been effectively "ambushed" by it at the trial.

Now that plaintiff has been apprised of the existence of the statement, it becomes essential for him to have the other information requested so that an evaluation of the statement and the circumstances surrounding its taking can be accomplished. Defense counsel's assertion that the statement is privileged under the authority of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) is conclusionary. Facts need to be presented which will enable an independent determination of the verity of that conclusion to be made. There is little question but that all statements which are not the work product of the attorney for defendant are subject to discovery.

\* \* \* \* \* \*

(5) Whether plaintiff's interrogatories as propounded to defendants are to be excluded as being repetitious and posed only as an harassment to defendant?

It may be observed upon an examination of interrogatories nos. 65–71, 78, 79, and 81, to which defendants object, that these are directed toward the determination of whether any statements have been recorded which may not have been included in defendants' responses to previous interrogatories because of the peculiar manner in which such statements may have been taken or received. Thus, while appearing to defendants to be repetitious, they are not irregular. If they do not apply, as defendants discern the instant case, defendants can respond that each particular interrogatory is "not applicable." If they do apply, however, then they encompass facts which need to be elucidated so that "the beneficial objectives of pre-trial discovery will be achieved." Crowe v. Chesapeake & Ohio Ry., *supra.*

For the reasons above stated, and in light of the general principle that the discovery rules are to be liberally construed so that full benefits can be derived from their use, it is ordered that all of defendants' objections to plaintiff's interrogatories will be, and the same are hereby, overruled.

It is further ordered that all answers to the objected interrogatories be served upon plaintiff within 15 days from the date of entry of this order.