Evelyn W. CLOWER, Plaintiff,

v.

Annie Melba Lewis WALTERS, as administratrix of the Estate of Halbert Bonnie Walters, deceased, Defendant.

C. A. No. 5780–69.

United States District Court,
S. D. Alabama, S. D.

Dec. 22, 1970.

Vincent F. Kilborn, III, Mobile, Ala., for plaintiff.

Warren L. Finch, and Alex Howard, Jr., Mobile, Ala., for defendant.

## ORDER

DANIEL HOLCOMBE THOMAS, Chief Judge.

This cause comes on to be heard on the motion to produce documents and the motion to produce insurance agreements filed by the plaintiff. In support of the motion to produce documents, plaintiff's attorney filed an affidavit that stated the insurance company made an investigation and obtained statements and other evidence immediately after the accident that cannot now be duplicated. The cause was taken under submission without argument on October 9, 1970.

The defendant submitted the case without argument and did not file a brief or any other answer to the motion. The Court therefore can only guess at the defendant's reasons for refusing to produce the documents. If the defendant is not claiming that the statements and other evidence are part of the attorney's work product, then the Court must assume that the statements and other evidence were obtained as a result of the routine business practice which would make them unquestionably discoverable under Rule 26(b) (1). The Court assumes that the defendant is claiming protection under the work product rule, which makes Rule 26(b) (3) applicable. This rule provides that:

"a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b) (1) of this rule and prepared in anticipa-

tion of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

The crux of this dispute is whether the plaintiff can obtain the substantial equivalent of the matters sought. The Fifth Circuit in Southern Railway Company v. Lanham, 403 F.2d 119 (1968), rehearing denied, 408 F.2d 348, held—under the pre-1970 amendment requirement of good cause—that statements taken by a railroad claims agent immediately after the accident in question were discoverable because the plaintiff could not obtain the substantial equivalent of the prior statements. The Advisory Committee's explanatory statement concerning the amendment of the discovery rules at 48 F.R.D. 501 and Wright & Miller in Federal Practice and Procedure (1970), at Section 2025, recognize that fact situations similar to the present case constitute a sufficient showing of substantial need and inability to obtain substantial equivalent thereof as required by Rule 26(b) (3).

In its motion to produce documents, the plaintiff does not limit its scope but its attached affidavit does, and the Court accordingly finds a sufficient showing as to the substantial need has been given only to those documents and tangible things procured by any insurance company's agents in any investigation of this accident conducted shortly after the accident.

According to Rule 26(b)(2), a party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

It is therefore ordered, adjudged and decreed by the Court that the motion to produce any and all insurance agreements should be and is hereby granted.

It is further ordered that the motion to produce documents should be and is hereby granted only as to those documents and other things that were obtained by any insurance company in any investigation of this accident that was conducted shortly after the accident.

It is further ordered that the defendant is not required to produce any document that would disclose the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation. The defendant is to make every effort to delete the above exclusions where they are commingled in one document with matters otherwise required to produce and furnish all but the deleted portions to plaintiff.